## WILEY BREWER *v.* THE STATE.

1. CRIMINAL LAW. *Incorporated institution. Selling liquors.* To sustain a conviction for selling liquors within four miles of an incorporated institution of learning, the certificate of the secretary of State must have previously been registered in the office of the county register.

2. SAME. *Publication.* The publication of the list of incorporated companies with the acts of assembly is not in lieu of such registration, and is only *prima facie* evidence of incorporation.

### FROM HANCOCK.

Appeal in error from the Circuit Court of Hancock county. N. HACKER, J.

Brewer *v.* The State.

F. M. FULKERSON and L. M. JARVIS for Brewer.

ATTORNEY-GENERAL LEA for the State

TURNEY, J., delivered the opinion of the court.

Brewer was indicted and convicted in the circuit court of Hancock county, for selling intoxicating liquors within four miles of "McKinney High School," an incorporated institution of learning.

The proof shows the sale to have been in the town of Sneedville, within four hundred yards of the building in which the school was taught.

The act of 1875, ch. 142, entitled "An act to provide for the organization of corporations," makes provision for the organization of such corporations as the "McKinney High School." The charter of said institution was passed in the form required by law, and was acknowledged and registered and transmitted to the secretary of State, but his certificate and the *fac simile* of the seal of the State had not been registered in the county at the time of the alleged offense.

By sec. 3 of the act it is provided: "The said instrument registered as aforesaid, shall be transmitted to the secretary of State, who shall copy the same in a book to be kept for that purpose, with the probates, acknowledgments, certificates of clerk, register, etc. The secretary of State shall then certify in the original instrument, that the same has been registered in his office, to which certificate shall be affixed the great seal of the State, and upon the affixing of the great seal of the State to said certificate or said original

instrument, and the registration of said secretary's certificate and the *fac simile* of said seal in the register's office where said instrument was originally registered, the formation of the association as a body politic and corporate is hereby declared complete, and the validity of the same shall not be in any legal proceeding collaterally attacked."

As we have seen, these things were not done when the offense is alleged to have been committed; hence the "McKinney High School" was not then an incorporated institution in the sense of the statute, the defendant is therefore not guilty of the offense charged.

It is urged on the part of the State that sec. 20 of the act enacts "that the secretary of State shall have published and bound with the acts of each general assembly a certified list of all corporations organized under this or any subsequent act of the Legislature, since the last publication, giving the name and date of organization of each corporation, and such publication shall be legal evidence of the existence of such corporations." That this section having been complied with, the offense was complete.

The object of this section was convenience simply. The legal evidence created by it is only *prima facie,* and may be, as it was in this case, rebutted.

Reversed.